UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESUS SEDANO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 13-2340-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Jesus Sedano ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying his application for Social Security disability benefits. The Court concludes that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") is supported by substantial evidence and that the ALJ did not err in assessing Plaintiff's credibility. The Court therefore affirms the ALJ's decision.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　Plaintiff filed his application for benefits on December 8, 2010, alleging disability beginning June 4, 2010. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, status

post lumbar laminectomy at L4-5, and depression, but concluded that Plaintiff was not disabled because he could perform a range of sedentary work and such work was available in significant numbers in the national and regional economy. Administrative Record ("AR") 15-20.

## II.
## ISSUES PRESENTED

The parties dispute whether (1) the ALJ's RFC assessment is supported by substantial evidence; and (2) the ALJ properly assessed Plaintiff's credibility. See Joint Stipulation ("JS") at 3-4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

# IV.
# DISCUSSION

### A.   The ALJ Properly Assessed Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not consider all of his limitations and treatment, and the evidence showed a clear worsening of his underlying condition. JS at 4-12.

A claimant's "residual functional capacity" is the most a claimant can still do despite his limitations. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. 20 C.F.R. § 404.1545(a)(2), (a)(3), (e). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. Id.

A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The existence of a severe impairment is demonstrated when the evidence establishes more than a minimal effect on an individual's ability to do basic work activities. Smolen, 80 F.3d at 1290; 20 C.F.R. § 404.1521(a). Furthermore, the mere existence of a condition is not per se disabling; rather there must be proof of the impairment's disabling severity. Sample v. Schweiker, 694 F.2d 639, 642-643 (9th Cir. 1982); 42 U.S.C. § 1382c(a)(3)(C)(I).

Here, Plaintiff has not meet his burden of showing that he has a disabling condition. The ALJ properly considered Plaintiff's testimony and

reviewed the medical evidence in detail in reaching his conclusion that Plaintiff retained the RFC to perform sedentary work with restrictions. See AR 15-18. Although Plaintiff complains that the ALJ did not sufficiently consider his "original" 2004 back surgery and his epidural injections, see JS at 5-7, the ALJ specifically discussed the pre-onset records, and noted that since the 2004 lumbar laminectomy, Plaintiff continued to complain of back-related pain, decrease in flexion, difficulty squatting, and tenderness, "but was able to and continued to work following that surgery until 2010." AR 16-17. This finding is supported by substantial evidence in the record. AR 29, 45, 115, 133, 139, 156, 160, 207, 213.

Moreover, the record demonstrates that the ALJ gave Plaintiff the benefit of the doubt in determining that he was capable of only performing sedentary work. The ALJ considered the State Agency reviewing physicians who determined that Plaintiff was capable of performing a range of light work. AR 17 (citing AR 194-200, 204-05); see also AR 52, 55. While the ALJ agreed with those opinions to the extent they stated Plaintiff was capable of work, the ALJ assigned a more restrictive RFC after taking into account Plaintiff's partially credible subjective complaints. AR 17-18. The ALJ also considered medical evidence from physicians involved in Plaintiff's workers' compensation claim, but properly noted that conclusions in the context of workers' compensation cases are not binding on Social Security Act determinations, and concluded that those reports ultimately were consistent with a determination that Plaintiff could work. AR 18; see Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104-1105 (C.D. Cal. 2002) (explaining that "[w]orkers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act," and that "[i]n analyzing medical opinions using state workers' compensation terminology, the ALJ is entitled to draw inferences logically flowing from the evidence") (internal quotations marks

omitted). Indeed, the workers' compensation physicians did not opine that Plaintiff was permanently totally disabled nor did they consider whether he could do other work. AR 161, 166, 170, 173, 215, 217.

Finally, Plaintiff contends that the ALJ committed reversible error by not taking into account his multi-level spinal fusion in 2012, which occurred shortly before the hearing, and by determining that it was a "new and separate" condition. JS 4-5, 7, 10-11. Here, the ALJ discussed the 2012 spinal fusion, noted that there was no evidence in the record documenting the surgery, and that, in any event, it did not meet the durational requirement for a severe impairment because it occurred less than 12 months prior to the date of the decision. AR 13. Moreover, as the ALJ pointed out, Plaintiff testified he was in less pain *after* the back surgery. AR 13, 42. As a result, the ALJ limited his discussion to what Plaintiff was capable of doing between the alleged disability onset date of June 2010 and his April 2012 back surgery. AR 13. While Plaintiff repeatedly states that the 2012 surgery is a result of his ongoing and "worsening" impairment, he fails to point to any evidence showing an inability to work or functional limitations after the 2012 back surgery. Plaintiff has thus failed to show that the ALJ erred in limiting review in the case to the time period between the alleged onset and the 2012 back surgery. See Hanning v. Astrue, No. 10-2037, 2011 WL 5119072, at *8 (W.D. Wash. Aug. 31, 2011) (finding that although claimant's recent back surgery may be a basis for a new application, the ALJ did not err in failing to consider claimant's restricted mobility due to that back surgery where there was no evidence of the surgery in the record).

In sum, the Court finds that the ALJ properly synthesized the medical record and the conclusions of the reviewing physicians in assessing Plaintiff with an RFC for sedentary work with restrictions. The ALJ's RFC assessment was supported by substantial evidence in the record; therefore, Plaintiff is not

entitled to relief on this claim of error.

B. **The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. JS at 18-21. Plaintiff testified at the administrative hearing that he worked as a school bus driver up to the last day of school in June 2010. AR 31. He remembered that specific date because he told his supervisor "[t]he last school day is going to be my last working day." AR 31. He stopped working because he had pain in his lower back and all the way down his left leg. AR 32. Up until his 2012 surgery he would spend his day sleeping, watching TV, and watching his son. AR 35-36. He explained that if he needed help with his son, he would call his brother. AR 39. He said he could walk for 10 or 15 minutes but would have to stop because the pain was so horrible. AR 36. He explained how after walking he would sit on the couch, get drowsy, and then go to the bedroom and sleep. AR 36. He testified that the Soma and Norco medications made him drowsy prior to the 2012 surgery. AR 37-38, 40-41.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are

reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 404.1529(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that Plaintiff gave inconsistent testimony. For example, Plaintiff testified he had to sleep four to five hours every time he took his pain medication because of its side effects. AR 16, 40. The ALJ found this implausible, however, because Plaintiff stated he took those medications every six hours, which would have rendered him sleeping all day. AR 16, 37-42; see also AR 210 (Plaintiff states in 2010 that he only sleeps two hours during the day). Plaintiff also testified that he had been taking those medications at least five years before his April 2012 surgery (or since 2007), yet continued to work driving a school bus through June 2010. Further, despite his allegations that his disabling pain precluded him from driving the school bus, he admitted he

continued to drive outside of work. AR 16, 42; see also AR 214. The ALJ could rely on these inconsistencies. See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that ALJ may consider many factors in weighing a claimant's credibility, including "ordinary techniques of credibility evaluation, such as . . . testimony by the claimant that seems less than candid"); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, including ability to drive); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may properly rely on daily activities inconsistent with claim of disabling pain, including claimant's ability to take care of personal needs, shop, and drive).

The ALJ also determined that Plaintiff was not fully credible based upon his conservative treatment history. For example, the ALJ noted that from 2009 to 2011, Plaintiff was treated for and diagnosed with post laminectomy, lumbar discogenic disease, and degenerative disc disease. AR 17. However, treatment at that time only consisted of physical therapy, epidural injections, pain medications, muscle relaxants, and a discogram. Id. Moreover, Plaintiff reported, including at the hearing, that medication relieved his pain. AR 37-38 (agreeing at hearing that "the Norco kills [my] pain"), 209 (Plaintiff reporting in September 2010 that "[s]ymptoms are relieved with use of medication"); 254 (Plaintiff reporting in May 2011 he "feels better" on medication). Conservative treatment history and responsiveness to medication are legitimate bases for an ALJ to discount a claimant's credibility. See Tommasetti, 533 F.3d at 1039; see also Fair, 885 F.2d at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment"); Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")
///

1  On appellate review, this Court does not reweigh the hearing evidence
2  regarding Plaintiff's credibility. Rather, this Court is limited to determining
3  whether the ALJ properly identified clear and convincing reasons for
4  discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record
5  reflects that the ALJ did just that. It is the responsibility of the ALJ to
6  determine credibility and resolve conflicts or ambiguities in the evidence.
7  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings
8  are supported by substantial evidence, this Court may not engage in second-
9  guessing. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

## V.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:   August 6, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge